IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERMAN JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:18-CV-1104 |
| | § | |
| BAZCO PETROLEUM TRANSPORT, TEXAS DIVISION, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF HERMAN JONES' ORIGINAL COMPLAINT AND JURY DEMAND

For his Original Complaint against Defendant Bazco Petroleum Transport, Texas Division, LLC, Plaintiff Herman Jones shows the following:

### INTRODUCTION

1. This is an action for employment discrimination under the Uniformed Services Employment and Reemployment Rights Act (USERRA). Plaintiff Herman Jones is a veteran of the U.S. Army and a member of the U.S. Army Reserves. He was employed by Defendant Bazco Petroleum Transport, Texas Division, LLC as a driver based out of Bexar County, Texas. While employed by Defendant, Plaintiff had annual as well as monthly weekend drill obligations as part of his enlistment in the Reserves.

### PARTIES

2. Plaintiff Herman Jones is an individual residing in San Antonio, Bexar County, Texas, and may be served with papers through the undersigned counsel.

3.      Defendant Bazco Petroleum Transport, Texas Division, LLC is a domestic limited liability company organized under the laws of the State of Texas. According to the Texas Secretary of State website, Defendant's principal place of business is located at 3133 General Hudnell Drive, Ste. 120, San Antonio, Texas 78226. It may be served with process through its Registered Agent, Nicole Delovely, at 3133 General Hudnell Drive, Ste. 120, San Antonio, Texas 78226.

## JURISDICTION AND VENUE

4.      The Court possesses subject matter jurisdiction because this case arises under a federal statute, the Uniformed Services Act. The Court possesses personal jurisdiction over Defendant because Defendant maintains offices in Texas and regularly conducts business in Texas. Venue is proper in the Western District of Texas because a substantial portion of the events giving rise to Plaintiff's claims occurred within the geographic area of the San Antonio Division of the Western District of Texas.

## STATEMENT OF FACTS

5.      Plaintiff Herman Jones is a veteran of the U.S. Army and a member of the U.S. Army Reserves. His duty post is Fort Hood, Texas.

6.      On or about February 23, 2018, Plaintiff obtained employment with Defendant as a CDL driver based out of Defendant's location in Von Ormy, Texas. Although he worked out of Defendant's yard in Von Ormy, Plaintiff was assigned to work to transport petroleum in and around La Salle, County in South Texas. While employed by Defendant, Plaintiff had to report for military duty on several occasions, including annual training as well as several weekend drills.

7. When Plaintiff had monthly weekend drills at Fort Hood, he always gave his employer ample advanced notice. These weekend drills required Plaintiff to report for duty early Saturday morning and drill through Sunday. However, because Plaintiff was traveling to Fort Hood from South Texas, and because Plaintiff had to arrive the day before (i.e., Friday) to claim his hotel room and be ready to drill early the next morning, Plaintiff would also be absent from work on the Friday before drill so that he could travel to Fort Hood.

8. Defendant discharged Plaintiff from employment effective June 29, 2018 after returning from weekend military drill at Fort Hood, Texas. In terminating Plaintiff, Defendant relied in large part on the fact that Plaintiff had missed work the Fridays before his monthly weekend drills even though he always requested these days off. Defendant also claimed that Plaintiff had failed to "make up" the days he missed for weekend drill. Defendant claimed that these absences resulted in a "loss of productivity."

## CAUSE OF ACTION: USERRA DISCRIMINATION

9. Plaintiff re-alleges Paragraphs 1 through 8 supra.

10. Under 38 USC Section 4311, "A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation." Section 4323(a)(3) provides an aggrieved employee with a private action in the U.S. District Court to redress violations of Section 4311. The federal courts have held that this and

the other provisions of USERRA are to be "liberally construed in favor of those who serve their country."

11. To arrive at military drill on time and with adequate rest, and to claim his housing accommodations during drill, Plaintiff needed to be at the hotel the evening before drill was scheduled to commence. Drill activities then started very early the next morning. Consequently, Plaintiff always requested as time off the day before weekend drill to allow for sufficient time to travel to Fort Hood and to check in at the hotel. Please note that Herman's shifts with your company were typically 12 to 14 hours long (sometimes even longer) and were principally in the Cotulla, Texas area, which is some five hours away from Fort Hood. He simply would not have been able to pull his shift with your company on the day before military duty and still been able to get to Fort Hood in time to claim his hotel room and be rested for military duty early the next morning.

12. U.S. Department of Labor regulations and the federal case law interpreting the USERRA provide that an employer is required to provide a service member with ample time off to travel safely to military duty, including monthly weekend drill, and to arrive fit for duty. It also is unlawful under USERRA for an employer to require a service member to make up time missed due to military duty.

13. Plaintiff's time off for military duty, including time off on Fridays before weekend drill to travel to drill, was a motivating factor in Defendant's decision to discharge Plaintiff from employment. As such, Defendant violated Plaintiff's rights under Section 4311 of USERRA. As a result of Plaintiff's wrongful discharge from employment, Plaintiff has suffered

lost wages and benefits for which he now sues. Additionally, because Defendant acted willfully, Plaintiff is entitled to an award of liquidated damages.

## JURY DEMAND

14. Plaintiff demands a trial by jury.

## CONCLUSION AND PRAYER

15. Plaintiff prays that, upon final judgment, he be awarded the following:

   a. Lost wages and benefits;

   b. Liquidated damages;

   c. Attorney fees;

   d. Costs court and litigation expenses;

   e. Pre- and post-judgment interest; and

   f. All other relief to which he is entitled.

Respectfully submitted,

/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEYS FOR PLAINTIFF
HERMAN JONES